### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EKATERINA A. UZLYAN<br>1431 Casino Circle<br>Silver Spring, MD 20906,<br><br>      Plaintiff,<br><br>  v.<br><br>HILDA L. SOLIS, Secretary of Labor,<br>UNITED STATES DEPARTMENT OF LABOR<br>c/o Office of the Solicitor<br>Frances Perkins Building<br>200 Constitution Avenue, N.W.<br>Washington, DC 20210,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.    Plaintiff Ekaterina A. Uzlyan ("Ms. Uzlyan" or "Plaintiff"), by and through undersigned counsel, hereby files this civil action against Defendant Hilda L. Solis ("Ms. Solis" or "Defendant"), Secretary of Labor, U.S. Department of Labor ("DOL"), in her official capacity only, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.

2.    Plaintiff seeks relief pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Section 102, and the Rehabilitation Act, 29 U.S.C. § 794, for harms caused to Plaintiff by Defendant's unlawful and intentional discrimination based on Plaintiff's disabilities (brachial plexus palsy and major depression), sex (female), national origin (Russian), and retaliation based on Plaintiff's prior protected EEO activity. Plaintiff further seeks remedies under the applicable federal and state discrimination and retaliation laws, including but not limited to, immediate reinstatement of Plaintiff to a GS-13, step 8 position within the U.S. Department of Labor outside of the Employment Benefits Security Administration with the appointment being retroactive to the date of Plaintiff's termination; full back pay, with interest, and back benefits  from the date of Plaintiff's termination to the date of judgment; appropriate record correction consistent with the facts of this case; payment of performance bonuses for Fiscal Years 2006, 2007, and 2008; maximum compensatory damages; attorney fees,

costs, and expenses of this action and all predecessor EEO or EEOC complaints; and such other relief as the Court deems just and proper in order to remedy Defendant's unlawful acts.

## PARTIES

3.  Plaintiff Ekaterina A. Uzlyan, a citizen of the U.S., is a former Pension Law Specialist, GS-13, for the U.S. Department of Labor, Employment Benefits Security Administration ("EBSA"), Division of Individual Exemptions, Office of Exemption Determinations ("OED"). Ms. Uzlyan is a Russian-American woman who is currently 45 years of age. Ms. Uzlyan suffers mental and physical disabilities, which include major depression and brachial plexus palsy in her left hand and wrist. Ms. Uzlyan had been employed by the U.S. Department of Labor for over two decades prior to her unlawful termination. Ms. Uzlyan resides at 1431 Casino Circle, Silver Spring, MD 20906.

4.  Defendant Hilda L. Solis is the Secretary of Labor and head of the U.S. Department of Labor and as such has ultimate authority over the actions of supervisors, employees, and/or agents of the DOL. Defendant is

sued in her official capacity only. (We note that the new Administration of which Secretary Solis is part took office after the events described in this Complaint.) The office that receives service for Complaints against the Department of Labor is the Office of the Solicitor, located at Frances Perkins Building, 200 Constitution Avenue, N.W., Washington, DC 20210.

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this Complaint because it presents a question of federal law pursuant to 28 U.S.C. § 1331.

6.   Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 29 U.S.C. § 626(b). Further, personal jurisdiction is proper because the majority of the discriminatory and retaliatory acts took place in the District of Columbia.

7.   This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

8.   Plaintiff has exhausted all of her administrative remedies. Ms. Uzlyan timely filed her informal

4

complaints on or around June 2004, June 2005, October 2005, December 2006, March 2008, and March 2009. She timely filed her formal complaints on December 2005, March 2007, May 2008 and April 2009, each respectively alleging retaliation and discrimination based on disability, sex, age, and national origin. Plaintiff timely filed her EEOC complaint on or around April 2006. An EEOC hearing was held on August 4-5, 2008 and August 15, 2008. An EEOC decision was rendered on March 25, 2009. Plaintiff Uzlyan files the instant Complaint more than 180 days after filing her formal EEO and EEOC complaints. See 42 U.S.C. § 2000e-16(c).

## FACTS

9.   Ms. Uzlyan incorporates all information and allegations contained in paragraphs 1-8 as if fully set forth herein.

10.  Ms. Uzlyan worked for DOL since May 1988 after completing her Master of Arts Degree in International Economics and Soviet Studies from Johns Hopkins University for the School for Advanced International Studies ("SAIS").

11.  From 1995 to October 2008, Ms. Uzlyan was a GS-13

5

Pension Law Specialist in EBSA's OED.

12. From April 2004 to August 2005, Ms. Uzlyan's reported to Eric Raps (male, American, no known disability, no known EEO activity), her first-line supervisor. On or around April 2004, Eric Raps was laterally and non-competitively transferred to a Section Chief supervisory position by Ivan Strasfeld, Director of OED. Mr. Strasfeld and Mr. Raps are white, American males and close friends and regularly communicate and have lunch together. Upon information and belief, Mr. Raps did not have any prior supervisory or exemption experience.

13. From August 2005 to October 2008, Ms. Uzlyan reported to Jan Broady (female, American, no known disability, no known EEO activity), her first-line supervisor.

14. From on or around April 2000 to December 2005, Ivan Strasfeld (male, American, no known disability, no known EEO activity) was Ms. Uzlyan's second-line supervisor.

15. From December 2005 to October 2008, Lyssa Hall (female, American, no known disability, no known EEO activity) was Ms. Uzlyan's second-line supervisor.

6

16.  From December 2005 to October 2008, Ivan Strasfeld
     was Ms. Uzlyan's third-line supervisor.

17.  Ivan Strasfeld solicited his subordinates at work to
     buy real estate through his wife, a real estate
     broker.    Upon information and belief, those who
     purchased real estate through his wife were directly
     promoted, placed on a promotion track, or placed in
     the flexiplace program, which allowed the employee to
     work from home.

18.  Ivan Strasfeld maintained a close "inner circle" of
     colleagues and co-workers, which included Eric Raps,
     among others.   The individuals in his "inner circle"
     lunched together almost daily, were provided extra
     employment perks, and were hand-picked for promotional
     opportunities.

19.  Defendant is responsible for the unlawful retaliatory
     and   discriminatory   acts   of   its   managers   and
     supervisors under the doctrine of Respondeat Superior.

### Prior Protected EEO Activity

20.  Ms.   Uzlyan   incorporates   all   information   and
     allegations contained in paragraphs 1-19 as if fully
     set forth herein.

7

21. In June 2004, Ms. Uzlyan filed an informal EEO complaint against Eric Raps alleging discrimination based on disability, national origin, sex, and age. That complaint did not proceed to the formal stage because the underlying disciplinary issue was not placed in Ms. Uzlyan's official personnel file, and she was provided a 120-day detail to work at the EBSA's Office of Enforcement Washington District Office.

22. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in October 2004, first-line supervisor Eric Raps provided her with an inaccurate, too low "Effective" performance rating for the appraisal period from January 21, 2004 to September 30, 2004. Then second-line supervisor Ivan Strasfeld was the reviewing official. Prior to her EEO activity, Ms. Uzlyan had received positive performance ratings of mostly "Highly Effective." Further, during her 2004 mid-year review, Ms. Uzlyan's then first-line supervisor, Fil Williams, praised her work product.

23. In June 2005, Ms. Uzlyan filed a second informal EEO complaint alleging retaliation and discrimination

based on disability, national origin, sex, and age. That complaint also did not proceed to the formal stage because Ms. Uzlyan accepted a settlement offer proposed by the Department of Labor in August 2005. Mr. Ivan Strasfeld, on behalf of EBSA, and Alex Bastani, on behalf of AFGE Local 12 ("the Union"), signed that Agreement.   Under that Agreement, Ms. Uzlyan was removed from Eric Raps' supervisory authority and placed under the supervisory authority of Jan Broady.

24. In October 2005, Ms. Uzlyan filed a third informal EEO complaint alleging retaliation and discrimination based on disability, national origin, sex, and age.

25. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in October 2005, first-line supervisor Jan Broady provided her with an incorrect, too low "Effective" performance rating for the appraisal period from November 1, 2004 to September 30, 2005. Upon information and belief, former first-line supervisor Eric Raps had significant input into this appraisal. Then second-line supervisor Ivan Strasfeld was the reviewing official.

9

26. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in October 13, 2005, her application for Pension Law Specialist, GS-0958-13, Vacancy Announcement EBSA 05-366, was not sent to the selecting official despite her qualifications for the position. Her score was downgraded because then first-line supervisor Eric Raps had provided her with negative comments and feedback in her 2004 Performance Appraisal.

27. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, after she filed her third informal EEO complaint, third-line supervisor Ivan Strasfeld routinely ignored Ms. Uzlyan, while simultaneously addressing and greeting her co-workers. He also intentionally intimidated her with glaring looks.

28. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, after she filed her third informal EEO complaint, first-line supervisor Jan Broady changed her work guidelines, tasked Ms. Uzlyan with additional assignments that were typically reserved for individual analysts and/or were not part of her position description, and imposed unreasonable

10

deadlines to accomplish her tasks.

29. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in November 2005, she was instructed by first-line supervisor Jan Broady not to attend a staff meeting where her casework was to be discussed. Third-line supervisor Ivan Strasfeld, former first-line supervisor Eric Raps, and first-line supervisor Jan Broady all were present at that meeting. Prior to her participation in the EEO process, Ms. Uzlyan had always been invited to participate in similar meetings where her casework was the subject of the meeting.

30. In December 2005, Ms. Uzlyan filed her first formal EEO complaint based upon her third informal EEO complaint of October 2005.

31. On or around April 2006, Ms. Uzlyan filed her first EEOC complaint alleging retaliation and discrimination based on disability, national origin, sex, and age.

32. On or around July 7, 2006, Ms. Uzlyan was deposed in co-worker Janet Schmidt's EEO complaint against Ivan Strasfeld, Eric Raps, and other EBSA management.

33. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in August 2006, first-line supervisor Jan

Broady again tasked Ms. Uzlyan with assignments that were not part of her position description and imposed unreasonable deadlines to accomplish her tasks.

34. Defendant engaged in unlawful retaliation against Ms. Uzlyan when first-line supervisor Jan Broady arbitrarily denied her reasonable accommodation request of September 2006 on the same day that it was made.

35. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in November 2006, first-line supervisor Jan Broady provided Ms. Uzlyan with a proposed incorrect, undeserved "Minimally Satisfactory" performance evaluation for the appraisal period from November 8, 2005 to September 30, 2006. This proposed appraisal was also issued to Ms. Uzlyan after October 30, 2006, the Collective Bargaining Agreement ("CBA") contract deadline for issuance of the annual appraisals. Third-line supervisor Ivan Strasfeld and second-line supervisor Lyssa Hall were the reviewing officials.

36. In December 2006, Ms. Uzlyan filed a fourth informal EEO complaint alleging retaliation and discrimination

12

based on disability, national origin, sex, and age.

37. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in December 2006, first-line supervisor Jan Broady issued Ms. Uzlyan an unjustified Letter of Warning.

38. Upon information and belief, on or around December 2006, EBSA management informed the Union Representative, Dave Richardson, that Ms. Uzlyan was going to be terminated for performance and conduct-related issues due to Ms. Uzlyan presenting a letter to EBSA management from her doctor.

39. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around December 21, 2006, first-line supervisor Jan Broady removed Ms. Uzlyan from the flexiplace program.

40. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in January 2007, second-line supervisor Lyssa Hall, a subordinate of Ivan Strasfeld, denied Ms. Uzlyan's detail request to Employment and Training Administration ("ETA") in the Department of Labor purportedly because the OED had too heavy of a workload and she was thus needed in OED. In direct

13

contradiction, Jan Broady informed Ms. Uzlyan a couple weeks later, after Ms. Hall's detail denial, that Ms. Uzlyan did not have enough work.

41. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, with no consideration, first-line supervisor Jan Broady denied her reasonable accommodation request of January 2007 to be placed back on the flexiplace program due to her mental disability (major depression) on the same day it was made.

42. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in January 2007, the unjustified November 2006 proposed "Minimally Satisfactory" performance appraisal became finalized. Proposed performance appraisals are to be finalized within 30 days or less. Despite promptly returning the proposed performance appraisal to the Agency, Defendant violated generally accepted procedures by finalizing Ms. Uzlyan's performance appraisal two months after it was proposed.

43. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around February 26, 2007, first-

14

line supervisor Jan Broady issued her another unjustified Letter of Warning.

44. In March 2007, Ms. Uzlyan filed a second formal EEO complaint based upon her fourth informal EEO complaint of December 2006.

45. In March 2007, Ms. Uzlyan again requested a reasonable accommodation for her mental disability (major depression).

46. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in May 2007, it denied Ms. Uzlyan's request for reasonable accommodation of March 2007.

47. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around June 18, 2007, second-line supervisor Lyssa Hall denied her reasonable accommodation appeal.

48. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in June 2007, first-line supervisor Jan Broady issued Ms. Uzlyan an unjustified Letter of Reprimand for one hour of sick leave, which had been approved.

49. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in August 2007, it denied her reasonable

accommodation request of June 2007 for her mental disability (major depression).

50. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around September 18, 2007, second-line supervisor Lyssa Hall denied Ms. Uzlyan's reasonable accommodation appeal.

51. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in August 2007, it placed her on an unjustified 90-day Performance Improvement Plan ("PIP"). Defendant violated policy and procedure by failing to have the PIP signed by a rating official, a reviewing official, or the employee as required by the CBA.

52. Defendant engaged in unlawful retaliation against Ms. Uzlyan when it denied her reasonable accommodation request of November 2007 for her mental disability (major depression).

53. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in November 2007, it extended her PIP for 75 days due to her physical disability (brachial plexus palsy).

54. Defendant engaged in unlawful retaliation against Ms.

16

Uzlyan when, on or around January 9, 2008, it denied her reasonable accommodation request for voice computer software due to her physical disability (brachial plexus palsy). Further, upon information and belief, Andrea Selvaggio (female, American, unknown disability, no known EEO activity) and Susan Halliday (female, American, unknown, no known EEO activity) have been provided with voice computer software.

55.   Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around February 15, 2008, second-line supervisor Lyssa Hall denied her reasonable accommodation appeal.

56.   Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around March 27, 2008, first-line supervisor Jan Broady issued her an inaccurate, unjustifed "Unsatisfactory" performance rating for the appraisal period from March 27, 2007 to February 6, 2008. Second-line supervisor Lyssa Hall signed as the reviewing official.

57.   Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in April 2008, it excluded Ms. Uzlyan

17

from the World Bank assignment despite Ms. Uzlyan's invaluable work experience and her unique qualifications, including that Russian is her native language. Upon information and belief, Brian Buyniski (male, American, no known disability, no known EEO activity) was chosen for that assignment.

58. In March 2008, Ms. Uzlyan filed a fifth informal EEO complaint alleging retaliation and discrimination based on disability, national origin, sex, and age.

59. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around April 28, 2008, first-line supervisor Jan Broady simultaneously issued an unjustified Final Unsatisfactory Appraisal and an unjustified Proposal to Remove Ms. Uzlyan from Federal Service.

60. In May 2008, Ms. Uzlyan filed a third formal EEO complaint based upon her fifth informal EEO complaint of March 2008. At the time of this instant Complaint, the Agency had not issued a Final Agency Decision on this complaint.

61. On or around June 3, 2008, Ms. Uzlyan's doctor provided further medical documentation to Jan Broady

18

per Ms. Broady's request.

62. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around October 6, 2008, first-line supervisor Jan Broady denied Ms. Uzlyan's reasonable accommodation request of June 12, 2008, which Ms. Uzlyan had made at the recommendation of Ms. Broady.

63. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around October 14, 2008, second-line supervisor Lyssa Hall denied Ms. Uzlyan's reasonable accommodation appeal.

64. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on or around October 14, 2008, third-line supervisor Ivan Strasfeld issued her a Notice of Termination, notifying her that her termination would be effective on October 17, 2008.

65. Defendant engaged in unlawful retaliation against Ms. Uzlyan when, on October 17, 2008, EBSA terminated her.

66. In mid- to late October 2008, upon information and belief, Ms. Uzlyan's Union filed a grievance on her behalf due to her unlawful termination.

67. Defendant engaged in unlawful retaliation against Ms. Uzlyan when EBSA management (Jan Broady) and EEO staff

19

(James Hampton) blocked her disability retirement application.

68. In March 2009, Ms. Uzlyan filed her sixth informal EEO complaint alleging retaliation and discrimination based on disability, national origin, sex, and age.

69. In April 2009, Ms. Uzlyan filed her fourth formal complaint based upon her sixth informal EEO complaint of March 2009.

70. Defendant engaged in unlawful retaliation against Ms. Uzlyan when first-line supervisor Jan Broady denied her sufficient time to work on her informal or formal EEO complaints and her EEOC complaint.

71. Upon information and belief, Defendant engaged in a pattern and practice of retaliatory conduct against EBSA employees, including Ms. Uzlyan, who filed EEO complaints and participated in EEO activity.

72. Defendant was aware of Ms. Uzlyan's informal EEO complaints, formal EEO complaints, and EEOC complaint prior to Ms. Uzlyan's negative performance appraisals, denial of reasonable accommodations, and termination.

### Discrimination (Disability)

73. Ms. Uzlyan incorporates all information and

allegations contained in paragraphs 1-72 as if fully set forth herein.

74. Defendant engaged in unlawful discrimination against Ms. Uzlyan when, upon information and belief, her confidential employee information was openly discussed by management in front of her co-workers and other staff members.

75. Defendant knew of Ms. Uzlyan's physical and mental disability or perceived her to have a physical or mental disability.

## Discrimination (National Origin)

76. Ms. Uzlyan incorporates all information and allegations contained in paragraphs 1-76 as if fully set forth herein.

77. Defendant engaged in unlawful discrimination against Ms. Uzlyan when third-line supervisor Ivan Strasfeld and other managers routinely referred to Ms. Uzlyan as "the Mad Russian," "the Crazy Russian," "Ruskie" and that she dressed like "Euro Trash."

78. Defendant engaged in unlawful discrimination against Ms. Uzlyan when first-line supervisor Jan Broady issued Ms. Uzlyan an unjustified Letter of Warning

21

regarding her voice and tone.

79. Defendant engaged in unlawful discrimination against Ms. Uzlyan when second-line supervisor Lyssa Hall directed Ms. Uzlyan to make a derogatory joke about her Russian accent at a Department of Labor Public Speaking Engagement.

80. Defendant was aware of Ms. Uzlyan's Russian heritage. She spoke Russian to her family members.  Further, she speaks English with a Russian accent since Russian is her native language.

81. Upon information and belief, Defendant engaged in a pattern and practice of discrimination against non-American employees.

### Discrimination (Sex)

82. Ms. Uzlyan incorporates all information and allegations contained in paragraphs 1-81 as if fully set forth herein.

83. Upon information and belief, Defendant engaged in a pattern and practice of sex discrimination against female employees.

## CAUSES OF ACTION

### COUNT I - RETALIATION

84.   Based on the facts described above, Defendant unlawfully retaliated against Plaintiff on the basis of her prior protected EEO activity by terminating her, placing her on a PIP, denying her reasonable accommodation requests, failing to select her for Vacancy Announcement EBSA 05-366, excluding her from work assignments and details, issuing her negative performance appraisals, unjustly disciplining her and subjecting her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and the Rehabilitation Act, 29 U.S.C. § 794.

### COUNT II - DISCRIMINATION (DISABILITY)

85.   Based on the facts described above, Defendant unlawfully discriminated against Plaintiff on the basis of her disabilities (brachial plexus palsy and major depression) by terminating her, placing her on a PIP and extending that PIP, denying her reasonable accommodation requests, failing to select her for Vacancy Announcement EBSA 05-366, excluding her from

23

work assignments and details, presenting Plaintiff with inaccurate "Effective," "Minimally Satisfactory," and "Unsatisfactory" performance ratings, discussing Plaintiff's confidential information in the open, and subjecting her to a hostile work environment in violation of the Rehabilitation Act, 29 U.S.C. § 794.

### COUNT III - DISCRIMINATION (NATIONAL ORIGIN)

86.   Based on the facts described above, Defendant unlawfully discriminated against Plaintiff on the basis of her national origin (Russian) by terminating her, placing her on a PIP, denying her reasonable accommodation requests, failing to select her for Vacancy Announcement EBSA 05-366, excluding her from work assignments and details, presenting her negative performance appraisals, soliciting derogatory jokes, calling her by offensive and defamatory names, issuing her unjustified Letters of Warning, and subjecting her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

24

## COUNT IV - DISCRIMINATION (SEX)

87. Based on the facts described above, Defendant unlawfully discriminated against Plaintiff on the basis of her sex (female) by terminating her, denying her reasonable accommodation requests, excluding her from work assignments and details, presenting her negative performance appraisals, and subjecting her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

### RELIEF REQUESTED

88. Plaintiff requests all remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 1981(a), the Rehabilitation Act, and any other applicable federal and state discrimination and retaliation laws including but limited to the following relief:

   a.   Immediate reinstatement of Plaintiff to a GS-13, Step 8 position within the Department of Labor in or outside the EBSA with the appointment being retroactive to the date of Plaintiff's termination;

25

b.     Full back pay, with interest, and back benefits from the date of Plaintiff's termination to the date of judgment;

c.     Appropriate record correction consistent with the facts of this case;

d.     Payment of performance bonuses for Fiscal Years 2006, 2007, and 2008;

e.     Maximum compensatory damages up to $300,000, to which Plaintiff is entitled after proof at trial;

f.     The reasonable attorney fees at the prevailing market (Laffey) rates, costs, and expenses of this action as well as for Plaintiff's predecessor EEO and EEOC complaints against Defendant; and

g.     Such other relief, including injunctive relief, as the Court deems just and proper.

## JURY TRIAL

89.   Plaintiff requests a trial by jury on all issues that

are triable by jury.

Respectfully submitted,

*Joseph D. Gebhardt*

JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
VALENCIA R. RAINEY
(D.C. Bar No. 435254)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400 (office)
(202) 496-0404 (facsimile)

June 3, 2009                            Counsel for Plaintiff


ASSISTING ON THIS COMPLAINT:
Mackenzie B. Coy

27