UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EKATERINA A. UZLYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1035 (RMC) |
| ) | |
| HILDA L. SOLIS, Secretary of Labor, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Hilda L. Solis, Secretary of the United States Department of Labor ("DOL"), who is sued in her official capacity only, responds to the Complaint filed by Ekaterina A. Uzlyan with a partial motion to dismiss. *See* Def.'s Mot. To Dismiss [Dkt. # 8]. Ms. Uzlyan, formerly a Pension Law Specialist in DOL's Employee Benefits Security Administration, alleges discrimination based upon her mental and physical disabilities, national origin (Russian), gender (female), and/or reprisal for engaging in protected activity. She has moved for full discovery before consideration of DOL's motion. *See* Pl.'s Mot. For Discovery [Dkt. # 12]. However, finding that certain of Ms. Uzlyan's claims are barred by a prior settlement agreement and others were not perfected through the administrative process, none of which requires discovery, the Court will grant DOL's motion in part and deny it in part, and will deny Ms. Uzlyan's request for discovery.

**I. FACTS**

Ms. Uzlyan, a native of Russia, earned two degrees from Johns Hopkins University before she joined DOL in May 1988. While her first position was that of Research Analyst, she has spent the bulk of her career serving as a Pension Law Specialist in the Employee Benefits Security

Administration.

On June 27, 2005, Ms. Uzlyan filed an informal complaint of discrimination against the Employee Benefits Security Administration. She reached agreement to resolve her complaint and a grievance by way of settlement dated August 12, 2005. As relevant here, that settlement agreement had two provisions that DOL argues bar Ms. Uzlyan from proceeding in this Court on any employment-related matter that precedes August 12, 2005:

> *1. Rights of Complainant [Ms. Uzlyan] upon withdrawal*
>
> The Complainant hereby withdraws, with prejudice to the right to refile Informal [sic] complaint (IM05-11-173) dated June 27, 2005 and her Union grievance filed July 1, 2005; and all other complaints, grievances, appeals, lawsuits, and other causes of action that she has or may have against the U.S. Department of Labor, its officials, or employee[s], both present and former, both personally and in their official capacities, relating to the facts and circumstances which gave rise to this informal complaint. However, the Complainant retains the right to reinstate this complaint should [the Employee Benefits Security Administration] or the Department fail to fulfill the terms of the agreement in accordance with 29 CFR 1614.504.
>
> *2. Non-initiation of another action*
>
> The Complainant agrees that she will not initiate any complaints, grievances, appeals, lawsuits, or causes of action against the Department or against any present or former official or employee of the Department, either personally or in his or her official capacity, relating to the facts and circumstances which gave rise to this informal complaint.

Def.'s Notice of Filing ("Def.'s Notice") [Dkt. # 7], Ex. 2 (Settlement Agreement). On February 6, 2006, Ms. Uzlyan filed an informal complaint of discrimination alleging that the Employee Benefits Security Administration breached the settlement agreement. The DOL Civil Rights Center dismissed the complaint on December 21, 2005, finding that no breach had occurred. Def.'s Notice, Ex. 14

(Dec. 21, 2005 Letter from Civil Rights Center). Ms. Uzlyan later filed an appeal with the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations. The Office of Federal Operations held that the Employee Benefits Security Administration had not violated the settlement agreement by removing Ms. Uzlyan from the Flexiplace[1] program once her performance fell below the "fully successful" standard. Def.'s Notice, Ex. 15 (May 23, 2007 Office of Federal Operations Decision). Notified that she had 90 days to file suit in federal court, *id.*, Ms. Uzlyan did not further pursue the matter.

On December 5, 2005, Ms. Uzlyan filed a formal complaint of discrimination alleging disparate treatment based upon her gender, national origin, disability (perceived limp), and reprisal for participating in protected activity. This became Civil Rights Center Case No. 06-11-022. The Civil Rights Center accepted fourteen issues for investigation. Ms. Uzlyan filed an additional complaint of discrimination, on the same protected bases, on March 26, 2007, which became Civil Rights Center Case No. 07-11-058. After each complaint was investigated by the Civil Rights Center, Ms. Uzlyan asked for a hearing before an EEOC Administrative Judge. Before the hearing, however, by letter dated October 18, 2007, Ms. Uzlyan, through her attorney, waived all but ten of her outstanding claims for adjudication. *See* Def.'s Notice, Ex. 8 (Oct. 18, 2007 Letter). The Administrative Judge allowed a subsequent amendment on January 11, 2008, adding one additional claim. *See* Def.'s Notice, Ex. 9 (Jan. 11, 2008 Order). The Administrative Judge merged both cases and all eleven (11) claims for adjudication in a single hearing, which occurred over three days in August 2008. The specific issues adjudicated at the hearing were:

Whether, in violation of Title VII of the Civil Rights Act of 1964, as

---

[1] A program allowing employees to work at home and have flexible hours.

> amended, 42 §§ U.S.C. 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-633a ("ADEA"), and the Rehabilitation Act of 1973, as amended 29 U.S.C. §§ 706, *et seq.* ("Rehabilitation Act"), the U.S. Department of Labor discriminated against Ekaterina A. Uzlyan ("Complainant") based upon her sex (female), age (d.o.b. 4/9/64), disability (mental; brachial plexus palsy), national origin (Russian), in reprisal (prior EEO activity) and subjected Complainant to a hostile work environment[.]

Def.'s Notice, Ex. 10 (March 25, 2009 EEOC Decision) at 1. In determining whether Ms. Uzlyan was subject to a hostile work environment, the Administrative Judge considered several specific incidents, including, among others, the Employee Benefits Security Administration's denial of Ms. Uzlyan's attempts to receive "detail assignments," the removal of Ms. Uzlyan from the "Flexiplace" program, and the requirement that Ms. Uzlyan "document her work while on Flexiplace in 15-minute increments." *Id.* at 1-2. The Administrative Judge issued a Final Order on March 25, 2009, in which he determined that the Employee Benefits Security Administration had not discriminated against Ms. Uzlyan. *Id.* at 18.

In the meantime, on May 28, 2008, Ms. Uzlyan filed formal Complaint No. 08-11-090, alleging discrimination based upon gender (female), national origin (Russian), age, disability (brachial plexus palsy in her left hand and wrist and major depression) and retaliation based upon previous EEO activity. The Civil Rights Center accepted the following issues for investigation:

> Whether the Employee Benefits Security Administration (EBSA) discriminated against Complainant based on her sex (Female), age (44 years of age), national origin (Russian), disability (brachial plexus palsy in her left hand and wrist, and major depression), and/or in reprisal for prior EEO activity by allegedly subjecting her to a "hostile work environment," which include[d]:

giving her "unsatisfactory" performance evaluations, "[s]landering her to co-workers and management staff," and "[d]enying her reasonable accommodation request for Flexiplace and a

transfer to another office," among other things. Def.'s Notice, Ex. 12 (EEO Investigation Report for Case No. DOL-08-11-090).

On April 20, 2009, Ms. Uzlyan filed her final formal complaint of discrimination by Employee Benefits Security Administration, alleging that the same protected classes prompted her discharge on October 17, 2008, and that her former supervisor and the agency EEO Manager both blocked her disability retirement application on January 2, 2009, and February 10, 2009, respectively. This became Civil Rights Center Case No. 09-11-056. The Civil Rights Center dismissed the termination claim because it had already been asserted in Civil Rights Center Case No. 08-11-090, and dismissed the disability retirement claim for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1). *See* Def.'s Notice, Ex. 13 (May 13, 2009 Letter declining to investigate claims).

Ms. Uzlyan filed this lawsuit on June 3, 2009. DOL now moves to dismiss.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both a requirement under Article III of the U.S. Constitution and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The

party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### B. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### C. Rule 12(f)

Rule 12(f) permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court has broad discretion in ruling on a motion to strike; however, striking portions of a pleading is a drastic remedy, and motions to strike are disfavored. *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003); *Makuch v. FBI*, Civ. No. 99-1094, 2000 U.S. Dist. LEXIS 9487, *3-5 (D.D.C. Jan. 6, 2000). Although the Rule does not require the moving party to show that it would be prejudiced should the allegations remain part of the pleading, "courts view motions to strike portions of a complaint with such disfavor that many courts will grant such a motion only if the portions sought to be stricken as immaterial are also prejudicial or scandalous." *Makuch*, 2000 U.S. Dist. LEXIS 9487, at *7; *Wiggins v. Phillip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994) ("[I]f allegations

in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted").

## III. ANALYSIS

There are three essential arguments advanced by DOL as to why numerous counts in the Complaint should be dismissed: 1) they predate the August 2005 settlement agreement and are therefore barred; 2) they were not raised in the administrative process below and so cannot form the basis for any lawsuit; and 3) they are scandalous, immaterial, or impertinent. Rule 12(b)(1) applies to arguments regarding the settlement agreement and failure to exhaust administrative remedies under the Rehabilitation Act,[2] while Rule 12(b)(6) applies to arguments regarding failure to exhaust under Title VII.[3] Rule 12(f) applies to arguments that particular allegations are scandalous or impertinent. The Court will address each argument in turn.

### A. August 2005 Settlement Agreement

Although Ms. Uzlyan settled some issues in August 2005, they were clearly limited to those that "relat[ed] to the facts and circumstances which gave rise to this informal complaint." Def.'s Notice, Ex. 2 (Settlement Agreement). DOL argues that Paragraphs 12, 21, 22 and 23 of the Complaint should be dismissed because the facts and claims advanced in those paragraphs predate

---

[2] Courts in this district have found that exhaustion under the Rehabilitation Act is a jurisdictional requirement and, as such, cannot be waived or tolled. *See Rand v. Geithner*, 609 F. Supp. 2d 97, 100 (D.D.C. 2009) ("[I]f a plaintiff fails to exhaust his or her Rehabilitation Act claims as required by Section 501, the claims are subject to dismissal for lack of subject matter jurisdiction."); *Perry v. United States Dep't of State*, 669 F. Supp. 2d 60, 63-64 (D.D.C. 2009); *Moore v. Schafer*, 573 F. Supp. 2d 216, 219 (D.D.C. 2008).

[3] While there is some dispute regarding the proper standard, the recent trend in this district is to treat failure to exhaust under Title VII as a failure to state a claim rather than as a jurisdictional deficiency. *See, e.g., Williams-Jones v. Lahood*, 656 F. Supp. 2d 63, 66 (D.D.C. 2009); *Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 64 n. 6 (D.D.C. 2008); *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 190 (D.D.C. 2008); *Marcelus v. Corr. Corp. of Am.*, 540 F. Supp. 2d 231, 234-35 (D.D.C. 2008).

August 2005 and cannot now be revived.[4] DOL also notes that Ms. Uzlyan complained to the Office of Federal Operations that the Department breached the settlement agreement by removing her from the Flexiplace program but then waived further action when she did not timely appeal the dismissal of that claim.

The issue involved in Ms. Uzlyan's June 2005 informal complaint was "[w]hether [the Employee Benefits Security Administration] discriminated against Ms. Ekaterina Uzlyan on the basis of Sex, National Origin and reprisal when she was allegedly harassed by her supervisor and a Letter of Reprimand was placed in her personnel folder." Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. # 13], Ex. K (EEO Counselor's Summary Report). Ms. Uzlyan and DOL completely settled "the facts and circumstances which gave rise" to this informal complaint. *See* Def.'s Notice, Ex. 2 (Settlement Agreement). Ms. Uzlyan did not otherwise waive any rights to complain about treatment by the Employee Benefits Security Administration.

As to ¶ 22 of the Complaint, however, Ms. Uzlyan now acknowledges that part of it should be dismissed, *i.e.*, the statement that "Defendant engaged in unlawful retaliation against Ms. Uzlyan when, in October 2004, first-line supervisor Eric Raps provided her with an inaccurate, too low 'Effective' performance rating for the appraisal period from January 21, 2004 to September 30, 2004," Compl. ¶ 22, because it "was an operative fact" that led, in part, to the filing of the June 2005 informal complaint. Pl.'s Opp'n at 35. That allegation in ¶ 22 will be dismissed.

**B. Failure to Exhaust Administrative Remedies**

All parties agree that a federal employee must contact an EEO counselor within 45

---

[4] Ms. Uzlyan contends that Paragraphs 12, 21, and 23 are procedural and informative only and do not make or assert any type of claim. The Court agrees that they do not assert any claim against the Employee Benefits Security Administration.

days of a discrete act of discrimination and must identify all discrete acts of discrimination for administrative investigation and possible settlement prior to bringing a lawsuit. *See* 29 C.F.R. § 1614.105(a)(1). This fundamental precept of administrative law bars numerous claims in the Complaint.

DOL argues that Complaint ¶¶ 17, 18, 21, 22, 25, 26, 27, 29, 32, 34, 38, 41, 45, 46, 47, 52, 54, 55, 59, 62, 63, 70, 74, 77 and 79 should be dismissed because Ms. Uzlyan did not exhaust her administrative remedies. Additionally, DOL asserts that Ms. Uzlyan's "pattern and practice" claims in Complaint ¶¶ 71, 81, and 83 should be dismissed for the same reason. These allegations are discussed below.

**1. Exhaustion of Remedies Under Title VII**

Ms. Uzlyan argues that the exhaustion of administrative remedies is not a jurisdictional prerequisite under Title VII because the exhaustion requirement can be waived or tolled. *See* Pl.'s Opp'n at 19-20. The Court agrees. Therefore, failure to exhaust administrative remedies under Title VII is properly analyzed under Rule 12(b)(6) rather than Rule 12(b)(1). For any Title VII allegations for which she did not fully pursue her administrative remedies, Ms. Uzlyan has failed to state a claim unless she provides the Court with a basis upon which the exhaustion requirements should be waived.

Ms. Uzlyan does not argue that the exhaustion requirement should be waived or tolled with respect to any of her claims. Instead, she refers the Court to *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), which she argues stands for the proposition that the court must determine whether each claim constitutes a "discrete" act of discrimination that may be barred if not administratively exhausted. Pl.'s Opp'n at 20. She urges the Court to find that the matters

referenced in Complaint ¶¶ 17, 18, 22 (in part), 32, 38 and 79 are not discrete acts because they are not actions that occurred at a specific or fixed time. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 114.

Reviewing the particulars of those Complaint paragraphs, the Court notes that ¶ 17 alleges that a supervisor at the Employee Benefits Security Administration solicited his subordinates to purchase real estate through his wife. Since this paragraph does not advance any claim on Ms. Uzlyan's behalf, it is irrelevant whether it meets the *Morgan* standard or not. Whether it should be stricken as scandalous will be addressed below.

Paragraph 18 alleges that the same supervisor had a close "inner circle" with whom he often lunched. The same analysis applies.

Paragraph 22, shorn of its allegations that were settled by Ms. Uzlyan in August 2005, now states only that the same supervisor was her second-line supervisor and that she had received higher performance ratings in the past. Paragraph 22 now only states background facts.

Paragraph 32 alleges that Ms. Uzlyan was deposed in July 2006 in connection with a different employee's EEO complaint. Since this paragraph only states an alleged instance of protected activity, and not any claim on Ms. Uzlyan's behalf, it is immaterial whether it meets the *Morgan* standard. Because Ms. Uzlyan never relied on this instance of protected activity to support her discrimination charges during the administrative process, she cannot recover for any harms associated with this allegation, although the fact-finder may consider it as background information. *Morgan*, 536 U.S. at 113 (Title VII does not "bar an employee from using the prior [non-exhausted, discriminatory] acts as background evidence in support of a timely claim.").

Paragraph 38 alleges, upon information and belief, that Employee Benefits Security

Administration management informed Ms. Uzlyan's Union representative that "due to Ms. Uzlyan presenting a letter to [Employee Benefits Security Administration] management from her doctor," she would be terminated. Compl. ¶ 38. While DOL argues that this allegation was never raised in the administrative process, it is, actually, only a matter of evidence and *not* an allegation of an adverse action. Therefore, it does not matter that such action — despite Ms. Uzylan's argument to the contrary — would constitute a discrete act. The adverse action to which it ultimately may be related is Ms. Uzlyan's discharge, which is clearly presented. Paragraph 38 is background information and need not be dismissed.

Complaint ¶ 79 alleges discrimination when a second-line supervisor allegedly "directed Ms. Uzlyan to make a derogatory joke about her Russian accent" at a DOL event. Compl. ¶ 79. This alleged event was never advanced as an instance of discrimination in the multiple proceedings in the administrative fora and cannot be relied upon in court. Paragraph 79 will be dismissed.

Ms. Uzlyan further argues that the "matters referenced in [Complaint ¶¶] 21, 25, 26, 27, 29, 59, 70 and 77 are discrete acts that Defendant has had notice of in Plaintiff's prior EEO administrative cases as well as Plaintiff's EEOC case." Pl.'s Opp'n at 20. The argument misses the mark. The question is not notice *per se* but whether Ms. Uzlyan exhausted her administrative remedies with respect to these claims.

Paragraph 21 alleges that Ms. Uzlyan filed an informal complaint in June 2004 that "did not proceed to the formal stage" because, in essence, it was settled. *See* Compl. ¶ 21 (underlying disciplinary action not put in Ms. Uzlyan's file and she was given a detail). Ms. Uzlyan cannot proceed here on any informal EEO complaint from June 2004 nor seek any remedy for it.

*See Miller v. Smith*, 584 F. Supp. 149, 153 (D.D.C. 1984) (finding that where plaintiffs withdrew administrative complaint in light of settlement agreement they were not entitled to proceed on claims from that complaint without re-filing and exhausting administrative remedies). However, Paragraph 21 merely alleges facts and not any claim against the Employee Benefits Security Administration and therefore need not be dismissed.

Paragraph 25 of the Complaint alleges unlawful retaliation when an October 2005 performance rating, for the period November 2004 to September 2005, was "too low." Compl. ¶ 25. Ms. Uzlyan agrees that this claim should be dismissed "because an informal complaint for her undeserved low performance [rating] for the period of November 2004 to September 2005 was not filed due to her being placed on detail." Pl.'s Opp'n at 21 n.4. Paragraph 25 will be dismissed.

Paragraph 26 of the Complaint alleges unlawful retaliation when, on October 13, 2005, Ms, Uzlyan's application for a GS-13 position as a Pension Law Specialist was mishandled. Ms. Uzlyan misleadingly points to the transcript for the August 4, 2008, hearing[5] before the Administrative Judge to suggest that this issue was accepted for determination, however, a look at the rest of the transcript shows that Ms. Uzlyan's counsel stated and the Administrative Judge found that while this claim was accepted for investigation at an earlier date, Ms. Uzlyan waived it prior to the administrative hearing via her October 17, 2007, letter.[6] *See* Def.'s Notice, Ex. 7 (Aug. 4, 2008

---

[5] In deciding a Rule 12(b)(6) motion, a court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts in public records of other proceedings); *Jane Does I Through III v. D.C.*, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002) (court may take judicial notice of public records of prior litigation).

[6] At the administrative hearing, Ms. Uzlyan's counsel stated:

> Your Honor, I know you've read into the record all of the grounds

-13-

Hearing Tr.) at 6; 23-24. Because this instance of alleged discrimination was not exhausted through the administrative process, it cannot be advanced here. Paragraph 26 will be dismissed.

Paragraph 27 of the Complaint alleges unlawful retaliation because, after she filed her third informal complaint, Ms. Uzlyan's third-line supervisor allegedly ignored her on a routine basis and "intimidated her with glaring looks." *See* Compl. ¶ 27. As with Paragraph 26, Ms. Uzlyan waived this claim prior to adjudication. *See* Def.'s Notice, Ex. 7 (Aug. 4, 2008 Hearing Tr.) at 10-11; 23-24. Because she failed to fully exhaust this claim, it now cannot be made part of her EEO case in court. Paragraph 27 will be dismissed.

Paragraph 29 of the Complaint alleges unlawful retaliation when, in November 2005, Ms, Uzlyan was instructed not to attend a staff meeting where her casework was to be discussed. Compl. ¶ 29. Ms. Uzlyan alleges that before she took part in the EEO process, she was "always" invited to attend such meetings. *Id.* Because this allegation — like Paragraphs 26 and 27 — was not part of any EEO complaint that was followed through the administrative process, it cannot be a basis for suit now. Paragraph 29 will be dismissed.

Paragraph 59 of the Complaint alleges unlawful retaliation when, on April 28, 2008, Ms. Uzlyan's first-line supervisor issued a Final Unsatisfactory Appraisal and a Proposal to Remove Ms. Uzlyan from federal service. Compl. ¶ 59. Ms. Uzlyan did not raise this issue in her May 27,

---

> that were accepted in this case, and we agree with those. However, I just wanted to raise the fact that on October 18, 2007, we wrote to you and also, of course, copied the Agency and narrowed the claims that we are proceeding with in this case. So, in other words, *we are not proceeding on several of the bases or the accepted issues that you read into the record.*

Def.'s Notice, Ex. 7 (Aug. 4, 2008 Hearing Tr.) at 23-24 (emphasis added).

2008, letter amending her EEO complaint, nor was it among the issues accepted for investigation by the Civil Rights Center. *See* Def.'s Notice, Ex. 11 (May 28, 2008 Amendment to Formal Complaint); Def.'s Notice, Ex. 12 (Apr. 15, 2009 EEO Investigation Report). Although the performance appraisal and proposal are related to her termination, the issue of which is properly before this Court, Ms. Uzlyan did not complain about the appraisal or proposal at the administrative stage and cannot proceed on those issues here. *See Morgan*, 536 U.S. at 111 (finding that "related discrete acts" are not to be treated as a "single unlawful practice for the purpose of timely filing"). Paragraph 59 will be dismissed.

Paragraph 70 of the Complaint alleges retaliation when Ms. Uzlyan's first-line supervisor denied her sufficient time during the work day to work on formal and informal EEO complaints. In the August 2008 hearing, an Administrative Judge considered, among other issues, whether Ms. Uzlyan had been "subjected to an ongoing hostile work environment by . . . having her requests for official time to work on her EEO case denied." Def.'s Notice, Ex. 10 (March 25, 2009 EEOC Decision) at 2. The Administrative Judge found that there was no evidence of such discrimination and entered judgment for the Agency. *Id.* at 18. Having received a final administrative decision on this issue and timely filed the instant Complaint, Ms. Ulzyan may proceed here on the allegations in Paragraph 70.

Finally, Complaint ¶ 77 alleges national origin discrimination when supervisors and managers "routinely referred to Ms. Uzlyan as 'the Mad Russian,' 'the Crazy Russian,' 'Ruskie,' and said that she dressed like 'Euro Trash.'" Compl. ¶ 77. None of these allegations was ever made in an administrative complaint. If true, they are deplorable. However, that does not make them actionable now, as Ms. Uzlyan failed to exhaust her administrative remedies. Paragraph 77 will be

dismissed.

## 2. Exhaustion of Remedies Under the Rehabilitation Act

Unlike Title VII, exhaustion of administrative remedies under the Rehabilitation Act is a jurisdictional requirement and, therefore, cannot be waived or tolled. *See Rand v. Geithner*, 609 F. Supp. 2d 97, 100 (D.D.C. 2009). Ms. Uzlyan argues that she has exhausted all of her Rehabilitation Act claims as represented in Paragraphs 34, 41, 45, 46, 47, 52, 54, 55, 62, 63, and 74 of the Complaint. She again relies on *Morgan* for the proposition that the Court must determine whether a claim constitutes a "discrete act" of discrimination and thus must be fully exhausted, and argues that the allegations in Paragraphs 45 and 74 are not "discrete acts" because they did not occur at a specific or fixed time. Pl.'s Opp'n at 23.

Paragraph 45 alleges that in March 2007, Ms. Uzlyan requested a reasonable accommodation for her mental disability. Compl. ¶ 45. Although this clearly occurred at a specific time, this paragraph only states an alleged instance of protected activity and not any claim on Ms. Uzlyan's behalf. Therefore, it is immaterial whether it meets the *Morgan* standard.

Paragraph 74 alleges that managers at the Employee Benefits Security Administration discriminated against Ms. Uzlyan when they discussed her confidential employee information in front of her co-workers. Compl. ¶ 74. This is not an adverse employment action pursuant to Title VII or the Rehabilitation Act, nor did Ms. Uzlyan advance this claim as evidence of a hostile work environment. Ms. Uzlyan's failure to raise this issue at the administrative stage necessitates dismissal of Paragraph 74.

With respect to Paragraphs 34, 46, 47, 52, 54, 55, 62, and 63, Ms. Uzlyan concedes that they do allege discrete acts, but again argues that Defendant had "notice" of these allegations

as a result of her previous administrative filings. As stated before, the issue is not "notice," *per se*, but whether Ms. Uzlyan exhausted her remedies with respect to these allegations.

Paragraphs 34, 46, 47, 52, 55, 62, and 63 allege unlawful retaliation when Ms. Uzlyan's supervisors denied her reasonable accommodation requests of September 2006, May 2007, November 2007, and October 2008, and her appeal of such denials in June 2007, February 2008, and October 2008. *See* Compl.¶¶ 34, 46-47, 52, 62-63. To the extent these claims were part of any of Ms. Uzlyan's EEO complaints, she voluntarily waived them before they reached adjudication and cannot raise them here. *See* Def.'s Notice, Ex. 7 (Aug. 4, 2008 Hearing Tr.) at 11 (referencing an instance where Ms. Uzlyan was denied a reasonable accommodation without specifying a date); *id*. at 23-24 (noting her waiver of all previously described claims). Paragraphs 34, 46, 47, 52, 55, 62 and 63 will be dismissed.

Paragraph 41 alleges unlawful retaliation when Ms. Uzlyan's first-line supervisor denied her reasonable accommodation request to return to the Flexiplace program "due to her mental disability (major depression)" in January 2007. Compl. ¶ 41. The Administrative Judge accepted the issue of whether Defendant retaliated against Ms. Uzlyan or subjected her to a hostile work environment by "failing to approve her request for accommodation based on psychiatric disabilities on January 9, 2007." *See* Def.'s Notice, Ex. 9 (Jan.11, 2008 Order); *Id.* Ex. 7 (Aug. 4, 2008 Hearing Tr.) at 27. Because Ms. Uzlyan followed this issue fully through the administrative process, she may proceed on this claim here.

Paragraph 54 alleges unlawful retaliation when, on January 9, 2008, Ms. Uzlyan's request for voice-computer software due to her physical disability was denied. Compl. ¶ 54. As with

Paragraph 41, the Administrative Judge accepted this issue for adjudication.[7] Ms. Uzlyan may proceed on this claim here.

### C. "Pattern and Practice" Allegations

In Complaint ¶¶ 71, 81 and 83, Ms. Uzlyan alleges that the Employee Benefits Security Administration, "[u]pon information and belief," engaged in "a pattern and practice of retaliatory conduct against [Employee Benefits Security Administration] employees, including Ms. Uzlyan," who "filed EEO complaints," *id.*, ¶ 71, were "non-American employees," *id.*, ¶ 81, and "sex discrimination against female employees." *Id.* ¶ 83. None of these "pattern and practice" allegations was made by Ms. Uzlyan in any administrative complaint and none was ever investigated by the Civil Rights Center. They must be dismissed for failure to exhaust.

### D. Motion to Strike as Immaterial, Impertinent, or Scandalous

DOL also alleges that Complaint ¶¶ 12, 17, 18, 21, 22, 23, 25, 26, 27, 29, 32, 34, 38, 41, 45, 46, 47, 52, 54, 55, 59 (allegations relating to performance appraisal), 62, 63, 70, 71, 74, 77, 79, 81, and 83 should be stricken pursuant to Federal Rule 12(f). As the Court has already determined many of these paragraphs should be dismissed for failure to exhaust, the ones remaining for consideration are Complaint ¶¶ 12, 17, 18, 22, 23, 32, 41, 54, and 70.

DOL has not argued that any specific prejudice would result from the inclusion of these paragraphs, instead stating that "[t]he likely result of injecting these impertinent allegations would be to confuse the issues and to cast a derogatory light on Agency management, generally."

---

[7] Although the Complaint references 2008, the claim appears to arise out of the previously referenced January 9, 2007 incident. Because the day in the Complaint (January 9) and specific allegation are the same as those addressed by the Administrative Judge, the Court assumes that the reference in the Complaint to 2008 is a typographical error.

Def.'s Mem. at 18. "The word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (internal citations omitted). In the absence of pejorative adjectives characterizing the facts alleged or other colorful language, the fact that a plaintiff's allegations may cast the defendant in a "derogatory light" is insufficient to warrant the striking of allegations from a complaint.

Here, the challenged allegations do not include provocative language or detract from the dignity of the Court. DOL challenges Complaint ¶ 12, which alleges that an individual who was not a member of any of Ms. Uzlyan's protected classes was non-competitively transferred to a new position by a person with whom he shared a close friendship. Compl. ¶ 12. Paragraph 17 states that a supervisor "solicited his subordinates at work to buy real estate through his wife, a real estate broker," and that those who did so received promotions or other employment perks. Compl. ¶ 17. Paragraph 18 alleges that this same supervisor maintained an "inner circle" of friends and colleagues who ate lunch together and were "hand-picked for promotional opportunities." Compl. ¶ 18. Paragraphs 22, 23, 32, 41, 54, and 70 all allege background facts, instances of protected activity, or claims of discrimination that the Court has addressed above. None of the challenged paragraphs is scandalous or impertinent. *Cf. Pigford,* 215 F.R.D. 2, 4 (D.D.C. 2003); (striking allegations of racism that were unsupported by facts or evidence and which constituted harassment); *Wiggins*, 853 F. Supp. 457, 458 (D.D.C. 1994) (granting motion to strike where plaintiff alleged defendant's employee was abusing illegal drugs; noting that the irrelevant allegations did not support but in fact cut against plaintiff's claims of race-based discrimination); *Jackson v. H. R. Nicholson Co.*, 545 F. Supp. 762, 763-764 (D.D.C. 1982) (striking allegation that defendant producer of artificial sweetener

"deliberately failed to notify plaintiffs of such health hazards, 'in furtherance of a conspiracy between defendant [] and the governmental defendants to commit the crime of Genocide' against plaintiffs and other inmates at facilities of defendant D.C. Department of Corrections").

The Court finds that "the efforts of the parties and the attention of court are better spent on the substantive merits of the action rather than the contents of the pleadings." *Makuch v. FBI*, 2000 U.S. Dist. LEXIS 9487, at *4. Although some of the allegations in the Complaint are arguably irrelevant to Ms. Uzlyan's remaining claims, they are not scandalous or impertinent. DOL has failed to show any prejudice. The motion to strike will be denied.

### IV. CONCLUSION

Comparing the challenged allegations from the Complaint with those accepted for investigation and determination through the administrative EEO process makes clear that Ms. Uzlyan either had more instances of alleged discrimination than of what she complained or that the enthusiasm of constructing a federal complaint has recollected events that contemporaneously did not seem unlawful. In either event, the instances of alleged discrimination in Complaint ¶¶ 22 (in part), 25, 26, 27, 29, 34, 46, 47, 52, 55, 59, 62, 63, 71, 74, 77, 79, 81, and 83, as noted above, were not exhausted and do not support a federal lawsuit now. All will be dismissed. Plaintiff will be ordered to file a First Amended Complaint to conform the Complaint to the Court's rulings. A memorializing Order accompanies this Memorandum Opinion.

Date: April 13, 2010                          /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge