UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EKATERINA UZLYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-1035 RMC |
| | ) |
| HILDA S. SOLIS, Secretary of Labor, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO
PLAINTIFF'S "MOTION TO FILE IN FORMA PAUPERIS UNDER SEAL"

Defendant, through the undersigned counsel, hereby opposes Plaintiff's "Motion To File In Forma Pauperis Under Seal" except insofar as Plaintiff may be seeking to maintain under seal matters that are protected by Local Civ. R. 5.4(f). In short, Plaintiff has not sufficiently satisfied her burden to warrant the sealing of these matters,[1] and she has made no showing that these materials should be submitted to the Court without effecting service of them upon the Defendant. See Strang v. U.S. Arms Control and Disarmament Agency, 920 F.2d 30 (D.C. Cir. 1990) (noting that, while ex parte matters may, under some circumstances, be appropriate, the courts should accord access to

---

[1] As noted above, Defendant would agree to redacted versions of the materials being placed on the public record only if redactions are required to protect the types of information set forth in Local Civ. R. 5.4(f), such as social security numbers, names of minor children, dates of birth or financial account numbers. Defendant should still be provided copies of the materials provided to the Court; and redacted versions of the materials should be available on the public record exclusive of social security numbers, names of minor children, dates of birth and financial account numbers.

evidence to the fullest extent possible, without jeopardizing legitimately raised interests).

Plaintiff's financial status is, in fact, relevant to a party's claim or defense and, thus, is discoverable in this action. See Amended Complaint at 21 (in which Plaintiff seeks back pay and compensatory damages); Fed. R. Civ. P. 26(b)(1) (describing the scope of discovery).  If as Plaintiff is asserting, she has suffered a hardship as a result of the agency's treatment of her, including the level of pay she has received,[2] then her assets and income since leaving the agency would be relevant to her claims of injury as well as defendant's claim that she has a duty to mitigate damages by seeking employment elsewhere.  Thus, Plaintiff should be required to serve on Defendant whatever materials she has submitted to the Court as required by Fed. R. Civ. P. 5(a)(1).

There exists in our nation's common law a tradition of public access to the records of judicial proceedings.  See United States v. Hubbard, 650 F.2d 293, 314 (D.C. Cir. 1980); see also generally Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 895-97 (E.D. Pa. 1981).  Indeed, the Court of Appeals has expressly declared that the public's "common law right to inspect and copy judicial records is indisputable."  In

---

[2] See Amended Complaint at 21 (in which Plaintiff claims she should receive reinstatement and full back pay).

re Nat'l Broadcasting Co., 653 F.2d 609, 613 (D.C. Cir. 1981); see United States v. Hickey, 767 F.2d 705, 708 (10th Cir.), cert. denied, 474 U.S. 1022 (1985).  Furthermore, the Court of Appeals has emphasized that "this common law right is not some arcane relic of ancient English law.  To the contrary, the right is fundamental to a democratic state."  United States v. Mtichell, 551 F.2d 1252, 1258 (D.C. Cir. 1976), rev'd on other grounds sub nom. Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978).  The Court of Appeals explained that the right of access, like the First Amendment, assures a well-informed public opinion, permits public monitoring of the courts, and promotes confidence in the fairness and justice of the court system.  Id.; see also United States v. Edwards, 672 F.2d 1289, 1292-94 (7th Cir. 1982).  These policy considerations in favor of open judicial proceedings are just as strong in the pretrial stage of civil litigation as they are at the trial stage.  See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. at 897 n.55.

     The public's right of access, to be sure, is not absolute.  All courts have supervisory powers over their own records and files.  See In re Nat'l Broadcasting Co., 653 F.2d at 613.  Accordingly, a court, in its discretion, may seal documents "if the public's right of access is outweighed by competing interests."  United States v. Hickey, 767 F.2d at 708 (quoting In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984)).

The Supreme Court has described the traditional exceptions to the general rule of open access as follows:

> [A]ccess has been denied where court files might have become a vehicle for improper purposes.  For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through publication of the painful and sometimes disgusting details of a divorce case.  Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

Nixon v. Warner Communications, Inc., 435 U.S. at 598 (internal quotations and citations omitted); see In re Nat'l Broadcasting Co., 653 F.2d at 613.

The Supreme Court has also pointed out that there can be no simple formula for deciding whether or not to limit access because that issue is necessarily fact-bound.  Nixon v. Warner Communications, Inc., 435 U.S. at 599.  "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."  Id.; accord, United States v. Hubbard, 650 F.2d at 316-17.

The trial court's decision to limit access, however, "is not open ended."  In re Nat'l Broadcasting Co, 653 F.2d at 613.  The trial court must consider all the relevant facts and circumstances of the particular case and weigh the interests advanced by the parties in light of the public interest and the

duty of the courts.  Id.; see United States v. Hickey, 767 F.2d at 708.  In other words:

> The court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings.  In balancing the competing interests, the court must give appropriate weight and consideration to the presumption -- however gauged -- in favor of public access to judicial records.  Any denial of this precious and fundamental common law right remains subject to appellate review for abuse.

In re Nat'l Broadcasting Co., 653 F.2d at 613 (internal quotations and footnotes omitted).

In United States v. Hubbard, 650 F.2d at 314-24, the Court of Appeals for this Circuit articulated several somewhat overlapping factors that a district court should consider when deciding whether a party's interest in privacy or confidentiality outweighs the strong presumption in favor of public access to judicial proceedings.[3]  See Johnson v. Greater Southeast Community Hospital Corp., 951 F.2d 1268, 1277 & n.14 (D.C. Cir. 1991).  Department of Justice regulations also generally call for the placement of information in litigation to be maintained on the public record.  See 28 C.F.R. § 50.9; see also 28 C.F.R. § 23 (noting general policy against confidentiality in settlement

---

[3] Those factors include: (i) the need for public access to the documents at issue; (ii) the extent to which the public has previously had access to the documents; (iii) the identity of the party objecting to disclosure; (iv) the strength of the property and privacy interests involved; (v) the possibility of prejudice to those opposing disclosure; and (vi) the purposes for which the documents are being introduced.

agreements and consent decrees).

Wherefore, Plaintiff should be required to serve on counsel for Defendant copies of the documents she has submitted to the Court and Plaintiff's filings should be maintained under seal only so long as Plaintiff also files copies on the public record that redact only social security numbers, names of minor children, dates of birth and financial account numbers.

                              Respectfully submitted,

                              RONALD C. MACHEN JR., DC Bar #447889
                              United States Attorney
                              for the District of Columbia

                              RUDOLPH CONTRERAS, DC Bar #434122
                              Chief, Civil Division

By:_____/s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, DC  20530
    (202) 514-7230
    mark.nebeker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO PLAINTIFF'S "MOTION TO FILE IN FORMA PAUPERIS UNDER SEAL" and a proposed order has been made by mailing copies thereof to:

EKATERINA UZLYAN
1431 Casino Circle
Silver Spring, MD  20906

on this 9th day of March, 2011.

                                                    /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230