## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EKATERINA A. UZLYAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09-1035 (RMC)** |
| ) | |
| **HILDA L. SOLIS, Secretary of Labor,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

On January 24, 2011, Plaintiff's counsel moved to withdraw as counsel.  *See* Mot. to Withdraw as Attorney [Dkt. # 33].  On February 3, 2011, after conducting a hearing on the matter, the Court granted that motion, granted Plaintiff's oral request to have counsel appointed, and stayed the case until the Court could appoint *pro bono* counsel for Plaintiff.  *See* Minute Order of 2/3/11. In order to appoint *pro bono* counsel, the Court required Plaintiff to file an application to proceed *in forma pauperis* ("IFP") in her case.  *See* Minute Order of 2/8/11.  Instead of doing so, Plaintiff attempted to file a motion to seal her IFP application, without submitting the actual IFP application. On March 3, 2011, the Court then made the following Order:

> MINUTE ORDER. Plaintiff has filed various pleadings under seal, but has not complied with the Court's order of February 8, 2011. If Plaintiff fails to comply with that Order [by] no later than March 23, 2011, the case may be dismissed.

Minute Order of 3/2/11.  On March 9, 2011, the Government responded by opposing any request to seal any portion of her IFP application, which is otherwise not exempted under Local Civ. R. 5.4 (f) (exempting Social Security numbers, names of minor children, dates of birth, or financial account numbers).  *See* Response re: Order [Dkt. # 34].

On March 18, 2011, Plaintiff filed her IFP application, thereby moving for leave to proceed IFP. *See* Mot. for Leave to Proceed In Forma Pauperis [Dkt. # 35]. Along with this, Plaintiff again filed motions to seal the IFP application and to file her IFP application under seal. *See* Motion to Seal In Forma Pauperis [Dkt. # 37] & Motion to File in Forma Pauperis Under Seal [Dkt. # 38]. Plaintiff also filed a response to the Defendant's argument to not seal any documents. *See* Response re Response to Document [Dkt. # 36]. The Court will grant Plaintiff's motion for leave to file IFP, deny Plaintiff's motions to seal her IFP application, and in light of the factors outlined in Local Civil Rule 83.11(b)(3), the Court will order the appointment of *pro bono* counsel.

Plaintiff has put her finances at issue in the lawsuit, both in the substantive case and in her request for *pro bono* counsel. Plaintiff has requested backpay and claimed hardship as a result of the agency treatment of her, thereby making those same finances discoverable in this suit. *See* Am. Compl. [Dkt. # 21] ¶ 70. Therefore, the substance of that IFP application will become public knowledge as the case proceeds.

Further, Plaintiff has argued that she is indigent and cannot afford to have a private attorney represent her for the remainder of the lawsuit. An IFP application is a condition necessary to have counsel appointed for her, to prove her financial straits. While finances can be private matters, this must be weighed against the United States' tradition of public access to public records. *See United States v. Hubbard,* 650 F.2d 293, 314 (D.C. Cir. 1980); *see also Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) ("[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). As noted in *Nixon*, a "decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." 435

U.S. at 599.  The D.C. Circuit has "articulated a series of factors that a district court should weigh in determining whether and to what extent a party's interest in privacy or confidentiality of its processes outweighs this strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). These factors include:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Id.,* 951 F.2d at 1277 n.14 (citing *Hubbard,* 650 F.2d at 317-22).

Considering these factors, the presumption of open records outweighs Plaintiff's wish to keep her finances private.  Plaintiff seeks to proceed IFP and have a *pro bono* counsel appointed for her.  To do so, Plaintiff must establish that her finances cannot support the hiring of an attorney and costs involved in this litigation.  Plaintiff, therefore, placed her finances squarely at issue when she requested for appointment of counsel.  Furthermore, the waiver of costs and fees accompanying a determination of IFP status are costs borne by the public.  The public has a right to be aware of how the Court spends their money.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Dkt. # 35] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion to Seal In Forma Pauperis [Dkt. # 37] is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to File in Forma Pauperis Under Seal [Dkt. # 38] is **DENIED**; and it is further

**ORDERED** that *pro bono* counsel be **APPOINTED**.  The Clerk is directed to appoint counsel for the plaintiff in the above-captioned case from the Civil Pro Bono Panel in accordance with Local Civil Rule 83.11.

**SO ORDERED.**

Date: March 30, 2011                                   _____/s/_____
                                                                  ROSEMARY M. COLLYER
                                                                  United States District Judge