UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EKATERINA UZLYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1035 |
| ) | (RMC) |
| ) | |
| HILDA S. SOLIS, Secretary of Labor, ) | |
| ) | |
| Defendant. ) | |

### STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Ekaterina Uzlyan, and defendant, the Secretary of the Department of labor ("Agency"), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. <u>Settlement Payment</u>. Defendant shall pay plaintiff the total sum of two hundred thirty-five thousand Dollars ($235,000.00) in full settlement of plaintiff's claims of discrimination and retaliation and to compensate plaintiff for injuries that she alleges she suffered as a result. This payment shall be made by an electronic transfer of funds to plaintiff's counsel's client escrow account as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures

followed by the Department of Justice and the Department of the Treasury, following filing of this Stipulation with the Court. Plaintiff and plaintiff's counsel shall co-operate with defendant to insure that all documentation required to process this payment is complete and accurate.  This payment is inclusive of plaintiff's attorney's fees, costs, and other litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses.  Plaintiff and plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

    2.   <u>Performance Ratings</u>.  Defendant shall amend the cover sheet (i.e. the first page of) plaintiff's Annual Performance Rating of Record for the periods ending in 2006 and 2007 to reflect an overall final rating of "Highly Effective."  This amended Annual Performance Rating of Record sheet for 2006 and 2007 will be substituted for the existing cover sheets in plaintiff's Official Personnel Folder.  Each individual Element Rating and Narrative in the plaintiff's Annual Performance Ratings of Record for the periods ending in 2006 and 2007 will be revised to "exceeds" without any narrative for that respective element.  These amended Annual Performance Ratings of Record for 2006 and 2007 will be substituted for the existing

Annual Performance Ratings of Record for 2006 and 2007 in plaintiff's Official Personnel Folder. The plaintiff will be provided with copies of amended Annual Performance Ratings of Record for 2006 and 2007.

    3. <u>OWBPA Compliance</u>. Plaintiff acknowledges that she has been given at least twenty-one (21) calendar days within which to consider this Stipulation, and that the waiver of her rights and claims hereunder is a knowing and voluntary waiver. Plaintiff shall have twenty-one (21) days, commencing on February 17, 2012, to consider the terms of this Stipulation. If plaintiff chooses to sign this Stipulation before this 21-day consideration period has elapsed, plaintiff acknowledges that her decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to defendant or defendant's employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period. Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution hereof. Such revocation must be in writing and delivered to defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation. Plaintiff is advised to

consult with an attorney prior to signing this Stipulation. By the signatures below, plaintiff's counsel represents that: (i) she has served as plaintiff's attorney with respect to this matter; (ii) she has examined this Stipulation and has discussed its terms with plaintiff; and (iii) she believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement.

4. <u>Dismissal with Prejudice</u>. Unless plaintiff timely exercises her right to rescind this Stipulation as provided in Paragraph 3 hereof, defendant's counsel may file the fully executed Stipulation with the Court at any time after the expiration of seven (7) calendar days after the date on which the Stipulation was signed by plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation. This retention of jurisdiction, being limited to enforcement of the terms of the settlement, does not extend to the award of any damages except insofar as damages may be a component of the payment to be made as described in Paragraph 2, hereof.

5. <u>Release</u>. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein or with respect to any claim involving her employment with the Agency. Plaintiff hereby fully and forever releases and discharges the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of

1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date plaintiff signs this Stipulation which may affect plaintiff's future compensation, or (ii) plaintiff's right or entitlement to any retirement, health, disability or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

Likewise, defendant hereby fully and forever releases and discharges the plaintiff, her heirs, executors, administrators, legal representatives, assigns, predecessors, and successors,

from any and all civil rights and claims, demands, lawsuits, damages, actions and civil causes of action of every kind, nature, and description, whether presently known or unknown, which defendant now has or may have arising out of or in connection with any event occurring on or before the date on which it has executed this Stipulation.

6. <u>No Assignment</u>. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7. <u>No Admission of Liability</u>. This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses.

Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that defendant, the Agency, or any of the Agency's present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8. <u>Tax Consequences</u>. Plaintiff acknowledges that she has not relied on any representations by defendant or defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of defendant hereunder. Plaintiff's counsel has advised plaintiff that they are not tax attorneys and that she should seek the advice of a tax accountant or tax attorney with respect to any tax consequences of the settlement funds. Plaintiff shall be solely responsible for compliance with all federal, state, and local

tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

9. <u>Entire Agreement</u>. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

10. <u>Amendments</u>. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

11. <u>Construction</u>. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

12. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall

not limit the scope or otherwise affect the interpretation of any term or provision hereof.

13. <u>Severability</u>.  The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

14. <u>Further Assurances</u>.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

15. <u>Right to Cure</u>.  If either plaintiff or defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach.  The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

16. <u>Notices</u>.  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be 1)

delivered by hand, or 2) mailed and transmitted by fax or by e-mail, addressed as follows or as each party may subsequently update by written notice that includes an address and e-mail address or fax number to the other party:

If to plaintiff:

Ekaterina Uzlyan
1431 Casino Circle
Silver Spring, Maryland  20906
E-mail: Factorygirl25@hotmail.com
Fax: _____

with copy to:

Bonnie Hochman Rothell, Esq.
Krooth & Altman LLP
1850 M Street, NW
Suite 400
Washington, D.C. 20036
202-775-5872 (main office fax)
E-mail: brothell@krooth.com

If to defendant:

Daniel L. Garry, Esq.
Trial Attorney
United States Department of Labor
Office of the Solicitor, Suite N2428
Division of Management & Administrative Legal Services
200 Constitution Avenue, N.W.
Washington, DC  20210
Fax:(202) 693-5538
E-mail:  Garry.Daniel@dol.gov

with copy to:

W. Mark Nebeker, Esq.
Assistant United States Attorney
Civil Division
555 4th Street, N.W.

Washington, DC  20530
Fax: (202) 514-8780
E-mail: mark.nebeker@usdoj.gov

17. <u>Execution</u>.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

18. <u>Governing Law</u>.  This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19. <u>Binding Effect</u>.  Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 3 hereof has expired.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

_____
EKATERINA UZLYAN

Date: 3/1/12

_____
BONNIE HOCHMAN ROTHELL
DC Bar # 421606
Brian F. Cimbolic
DC Bar # 978513
Deanna M. Wasco
DC Bar # 990168
KROOTH & ALTMAN LLP
1850 M Street, NW
Suite 400
Washington, DC 20036

Date: 3/1/12

_____
Daniel L. Garry
Trial Attorney
United States Department of Labor

Date: 3/2/2012

RONALD C. MACHEN JR.
DC Bar # 447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS  RC
DC Bar # 434122
Chief, Civil Division

_____
W. MARK NEBEKER
DC Bar # 396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530

Date: 3/2/12

SO ORDERED on this ____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE